## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

LOU TYLER,

      **Plaintiff,**

v.                                                                    **CIVIL CASE NO. 3:15-CV-1117-N-BK**

OCWEN LOAN SERVICING and
DEUTSCHE BANK NATIONAL
TRUST COMPANY,

      **Defendants.**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Before the Court are Plaintiff's *Motion for Default Judgment*, Doc. 11, and Defendants' *Motion to Dismiss*, Doc. 5.  For the reasons that follow, Plaintiff's *Motion for Default Judgment*, Doc. 11, should be **DENIED** and Defendants' *Motion to Dismiss*, Doc. 5, should be **GRANTED**.

### A.  PROCEDURAL BACKGROUND

In March 2015, Plaintiff, proceeding without the assistance of counsel, filed a petition in state court against Defendants Ocwen Loan Servicing and Deutsche Bank National Trust Company (collectively, "Defendants"), alleging (1) predatory lending, (2) mortgage fraud, (3) violations of the Real Estate Settlement Procedures Act ("RESPA"), (4) robo-signing, and (5) breach of contract.  Doc. 1-1 at 29; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings).  In essence, Plaintiff disputes Defendants' ability to foreclose on her home, arguing that the action is barred by the statute of limitations and that Defendants fraudulently breached the parties' contract and Defendants' duty of good faith

and fair dealing.  Doc. 1-1 at 29.  Plaintiff also seeks to quiet title in order to stop the foreclosure sale of her home and prevent her eviction.  Doc. 1-1 at 29.

On April 13, 2015, Defendants removed the case to this Court on the basis of diversity and federal question jurisdiction.  Doc. 1 at 2, 5. Defendants now have moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 5. While Plaintiff has not directly responded to Defendants' dismissal motion, she filed a "sur-rebuttal," Doc. 12, asking the Court not to dismiss her suit, and has also moved for default judgment based on the Defendants' failure to respond to the complaint until April 13, 2015, Doc. 11 at 1.

## I.  DEFAULT JUDGMENT

Plaintiff argues that because Defendants received notice of the lawsuit on March 25, 2015, and did not respond until April 13, 2015, the court should grant a default judgment.  Doc. 11 at 1. Plaintiff's argument lacks merit.

A defendant has 21 days after being served the summons and complaint to file an answer. FED R. CIV. P. 12(a)(1)(A)(i).  A motion to dismiss for failure to state a claim must be filed before an answer.  FED R. CIV. P. 12(b).  In the case *sub judice*, there is no indication in the record that Defendants were ever served.  That notwithstanding, it is clear that Defendant's motion to dismiss was timely filed (just 19 days after the petition).

Accordingly, Plaintiff's *Motion for Default Judgment* should be **DENIED**.

## II. MOTION TO DISMISS

### A.    Applicable Law

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572

(2007). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). Simply put, the standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint thus is not sufficient if it merely contains "naked assertions" devoid of actual enhancement. *Id.*

**B.     Arguments and Analysis**

*1. Mortgage Fraud*

Defendants urge that Plaintiff's mortgage fraud claim fails based on the economic loss doctrine and Plaintiff's failure to allege fraud with the necessary particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Doc. 6 at 3-5.

Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See McCaig v.Wells Fargo Bank (Texas), N.A.*, − F.3d −, 2015 WL 3621863, at *4 (5th Cir. 2015). Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. *See id.* The economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss. *See Sterling Chems, Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796-98 (Tex. App–Houston [1st Dist.] 2007). A claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a

contract.  *Id.* at 797.  Nevertheless, a plaintiff may bring a tort claim if she can establish that she suffered an injury independent of the economic losses caused by the breach of contract.  *Id.*

As Defendants contend, Plaintiff's claim is barred by the economic loss rule.  Plaintiff's tort claims are based on Defendants' purported failure to maintain accurate account statements, imposition of excessive penalties and interest, directions to Plaintiff to make balloon payments, and provision of false and misleading information in response to her loan modification application.  Doc. 1-1 at 29.  Plaintiff has not alleged any independently recoverable injury outside of the economic loss associated with her contract with Defendants.

In addition, Plaintiff failed to meet the heightened pleading requirement to allege fraud. Under Texas law, the elements of fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury."  *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Also, under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake."  In the Fifth Circuit, pleading "fraud with particularity . . . requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'"  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  These heightened pleading requirements apply equally to state law claims of fraud.  *Id.*

In this case, Plaintiff's conclusory allegations that Defendants committed mortgage fraud by failing to provide loan reductions, charging large penalties and interest payments, and

requiring excessive balloon payments, and averment that unspecified "mortgage companies" asking for twice as much money every time a new lender took over the loan are not sufficiently specific under Rule 9(b).  Doc. 1-1 at 29; *see Williams*, 112 F.3d at 177.

Accordingly, Plaintiff's claim for mortgage fraud should be **DISMISSED.**

*2.  RESPA and Predatory Lending*

Plaintiff alleges Defendants violated RESPA and engaged in predatory lending practices by placing her house payments in suspension, losing payments, increasing the amount of her payments, and never posting payments. Doc. 1-1 at 29. Defendants argue that Plaintiff's claim for predatory lending should be dismissed as a matter of law because it is not a recognized cause of action in Texas.  Doc. 6 at 5.  The Court agrees. Other courts have held that a claim for predatory lending is not a recognized cause of action in Texas. *See Belanger v. BAC Home Loans Servicing, L.P.*, 839 F. Supp. 2d 873, 876 (W.D. Tex. 2011) (Plaintiff's "first claim—predatory lending—can be dismissed with dispatch. No Texas court has recognized an independent cause of action for 'predatory lending.'") (citing *Brown v. Aurora Loan Servs.*, LLC, No. 11-cv-111, 2011 WL 2783992, at *4 (E.D. Tex. 2011)); *Smith v. Nat'l City Mortg.*, No. 09-cv-881, 2010 WL 3338537, at *13 (W.D. Tex. 2010).  In addition, Plaintiff has not cited any Texas authority recognizing her cause of action.

Defendants also argue Plaintiff's RESPA violation claim should be dismissed because Plaintiff neither identifies what provision of RESPA Defendants violated nor alleges any damages causing her actual harm.  Doc. 6 at 7.  The Court agrees. Plaintiff fails to specify a particular RESPA provision that Defendants allegedly violated by tacking on additional charges without her knowledge.  Also, her conclusory allegations of RESPA violations lack the requisite

factual support.  Doc. 1-1 at 29.  Thus, Plaintiff fails to state a viable claim under RESPA.  *See*

*Collins,* 224 F.3d at 498.

Thus, Plaintiff's claims for predatory lending and violation of RESPA should be

**DISMISSED.**

*3. Robo-Signing*

Next, Plaintiff alleges that an unspecified "mortgage company" robo-signed mortgage

documents.  Doc. 1-1 at 29. Defendants argue that "Plaintiff's allegations of robo-signing fail to

implicate any wrongdoing on the part of Defendants."  Plaintiff's claim is conclusory and fails to

state a legally-cognizable claim.  Doc. 1-1 at 29 (stating "mortgage company robo-signed

documents."); *see Collins,* 224 F.3d at 498.

Accordingly, the robo-signing claim should be **DISMISSED.**

*4. Breach of Contract*

Next, Defendants contend that Plaintiff's breach of contract claim must be dismissed

because Plaintiff has failed to allege any of the essential elements for such a claim.  Doc. 6 at 6.

Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence

of a valid contract; (2) that she performed or tendered performance under the contract; (3) that

the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the

breach.  *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

In this case, Plaintiff has not properly pled a cause of action for breach of contract.  As an

initial matter, Plaintiff did not cite any of the elements or provide any supporting facts.  Plaintiff

only provides a conclusory statement.  Doc. 1-1 at 29 (stating "Defendants and ten to twelve

mortgage companies flipped my sub-prime slime mortgage . . . is breach of contract.); *see*

*Collins,* 224 F.3d at 498.

Thus, the breach of contract claim should be **DISMISSED.**

*5. Good Faith and Fair Dealing*

Plaintiff also alleges breach of the duties of good faith and fair dealing in regard to her contractual relationship with Defendants. Doc. 1-1 at 17. However, Defendants correctly counter that because they do not owe Plaintiff a duty of good faith and fair dealing, Plaintiff fails to state a claim. Doc. 6 at 7. As a matter of law, the Texas Uniform Commercial Code's duty of good faith and fair dealing does not apply to the lender-borrower relationship. *Hall v. Resolution Trust Corp.*, 958 F.2d 75, 79 (5th Cir. 1992); *see also FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990) (holding that the FDIC did not have a state or federal common law duty of good faith and fair dealing).

Thus, Plaintiff's good faith and fair dealing claim should be **DISMISSED**.

*6. Quiet Title*

Defendants contend that Plaintiff's title-based claim fails because it is premised on the erroneous assertion that enforcement of Defendant's lien is barred by the applicable statute of limitations. Doc. 6 at 8. To prevail on a suit to quiet title, a plaintiff must show that: (1) she has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Coleman v. Bank of New York*, 969 F.Supp.2d 736, 752 (N.D. Tex. 2013). Plaintiff amended petition falls short of meeting these pleading requirements.

That notwithstanding, the Texas Civil Practice and Remedies Code Section 16.035(a) provides that "a person must bring suit for the recovery of a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." As defendants state, Plaintiff has not alleged "any facts to indicate that Defendants either effectively

exercised their option to accelerate Plaintiff's loan or that the loan had already matured more

than four years before Defendants filed suit to enforce their lien interest through foreclosure."

Doc. 6 at 3. Thus, Plaintiff's statute of limitation defense is meritless.

      Plaintiff has failed to state a claim for quiet title and the claim should be **DISMISSED**.

### III. LEAVE TO AMEND

      Ordinarily, Plaintiff should be granted leave to amend her complaint prior to

dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant

should be offered an opportunity to amend his complaint before it is dismissed."). Here,

however, Plaintiff has already filed an amended petition. Doc. 1-1 at 29-30. Nonetheless,

Plaintiff's RESPA, breach of contract, and quiet title claims include only conclusory allegations

and lack factual support. Indeed, the few facts Plaintiff does posit do not directly implicate

Defendants in any wrongdoing. Based on the dearth of factual enhancement and lack of specific

allegations -- even after amendment -- the Court must conclude that Plaintiff has already pleaded

her best case. Moreover, as detailed herein, Plaintiff's remaining allegations of predatory

lending, robo-signing and good faith and fair dealing do not present cognizable claims and,

therefore, fail as a matter of law.

      Under these circumstances, granting leave to amend would be futile and cause needless

delay. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must

decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of

action has not been established, the court should finally dismiss the suit.").

      Accordingly, all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE**. *See*

*McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that

dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's *Motion for Default Judgment*, Doc. 11, should be **DENIED** and Defendants' *Motion to Dismiss*, Doc. 5, should be **GRANTED** and this case closed.

**SO RECOMMENDED** on July 30, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE